2/26/2016 11:24:42 AM
16CV06135

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MELISSA COURY, Personal Representative of the Estate of RAYMOND COURY,<br><br>Plaintiff,<br><br>vs.<br><br>AIR & LIQUID SYSTEMS CORPORATION, a Pennsylvania corporation, sued individually and as successor by merger to BUFFALO PUMPS, INC.; CBS CORPORATION f/k/a VIACOM, INC., a Delaware corporation, sued as successor by merger with CBS Corporation f/k/a Westinghouse Electric Corporation, successor-in-interest to BF STURTEVANT; CH MURPHY/CLARK-ULLMAN, INC., an Oregon corporation; FOSTER WHEELER, LLC, a New York corporation; FRASER'S BOILER SERVICE, INC., a Washington corporation, individually and as successor-in-interest to Fraser Boiler Works; GENERAL ELECTRIC COMPANY, a New York corporation; INGERSOLL-RAND COMPANY, a New Jersey corporation; MAR-DUSTRIAL SALES, INC. an Oregon corporation; WARREN PUMPS, LLC, successor in interest to Warren Pumps, Inc., Quimby Pumps Co., and Warren Steam Pumps Co.; GOULDS PUMPS (IPG), INC., a Delaware corporation; METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation; 3M COMPANY (also known as MINNESOTA MINING AND MANUFACTURING COMPANY), a foreign corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT- Wrongful Death**<br>**(Civil Action for Strict Liability and Negligence)**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>Prayer Range: $1,000,000-$10,000,000<br>Filing Fee Established By<br>ORS 21.160(1)(d) |

Page 1 -   COMPLAINT - PERSONAL INJURY

Plaintiff alleges at all material times:

## FIRST CLAIM FOR RELIEF

**(Strict Liability against Manufacturer, Supplier, and Distributor Defendants)**

1.

At all times relevant to this action, Defendants conducted regular, sustained and not isolated business activity in the State of Oregon.

2.

Plaintiff, Melissa Coury, is the duly appointed Personal Representative of the Estate of Raymond Coury ("Decedent"), and a resident of the State of Oregon.

3.

Decedent's mesothelioma was diagnosed on March 21, 2014. This complaint is filed within the applicable statute of limitations.

4.

Decedent worked as a laborer, painter, painter supervisor, and supervisor in the Portland Oregon shipyards beginning in 1961. During this employment, Decedent was exposed to airborne asbestos fibers either through handling asbestos and asbestos containing materials in the performance of his work, being exposed to airborne asbestos fibers created by workers who handled, installed or fabricated asbestos containing materials, or who were exposed to those materials and then exposed Decedent to those fibers. Decedent incorporates all product identification set forth in Exhibit "A." Decedent further incorporates any asbestos exposure at any location reflected in Decedent's Social Security records, public documents, union records, testimony of co-workers, testimony of the Decedent and/or any other information in the possession of the Defendants reflecting Decedent's exposure to airborne asbestos fibers for which any Defendant is responsible. Defendants are in the possession of information regarding

Page 2 -   COMPLAINT - PERSONAL INJURY

the asbestos containing products and materials which they fabricated, sold, distributed or whose specifications required asbestos containing materials for replacement or modification. Defendants have public and private documents, acquired through litigation and other sources, and have information regarding the materials which they manufactured, sold, distributed, or fabricated which contained asbestos fibers which could become airborne. Defendants have access to documents which reflect the nature and extent of Decedent's exposure to products manufactured, fabricated, or distributed by Defendants. Decedent's exposure to Defendants' products includes but is not limited to the products present at the locations identified in Exhibit "A" and includes but is not limited to those products which Defendants, through extensive discovery and litigation, as well as their own records and documents, are locations where the Decedent worked and was exposed to Defendants' asbestos fibers. Decedent is continuing discovery and reserves the right to revise Exhibit "A."

5.

At all material times:

a) Air & Liquid Systems Corporation, sued individually and as successor by merger to BUFFALO PUMPS, INC. was and is a Pennsylvania corporation not registered to do business in the state of Oregon, engaged in the manufacturing, distribution and sale of asbestos-containing Buffalo Pumps equipment utilizing asbestos-containing products. This equipment included pumps.

b) CBS Corporation f/k/a Viacom, Inc., sued as successor by merger with CBS Corporation f/k/a Westinghouse Electric Corporation, was and is a Delaware corporation not registered to do business in the state of Oregon, engaged in the manufacture, sale and/or distribution of equipment utilizing asbestos-containing products. This equipment included Westinghouse turbines, generators, and pumps. This Defendant is being sued as a Manufacturer, Supplier, and Distributor defendant.

Page 3 -   COMPLAINT - PERSONAL INJURY

c) CH Murphy/Clark-Ullman, Inc., was and is an Oregon corporation registered to do business in the state of Oregon, engaged in the manufacture, sale and/or distribution of asbestos-containing products.

d) General Electric Company was and is a New York corporation registered to do business in the state of Oregon, engaged in the manufacture, sale, and/or distribution of equipment utilizing asbestos-containing products. This equipment included turbines and generators.

e) Foster Wheeler LLC was and is a New York corporation registered to do business in the state of Oregon engaged in the manufacture, distribution, and/or sale of asbestos-containing products, including, but not limited to, insulation, engines, gaskets, packing, turbines, and related component materials;

f) Fraser's Boiler Service, Inc., was and is a Washington corporation, individually and as successor-in-interest to Fraser Boiler Works, engaged in the sale and/or distribution of asbestos-containing refractory products used for the service, repair, and/or installation of boilers and/or furnaces;

g) Ingersoll-Rand Company was and is a New Jersey corporation registered to do business in the state of Oregon, engaged in the manufacture, sale, and/or distribution of equipment utilizing asbestos-containing products. This equipment included pumps and compressors.

h) Mar-Dustrial Sales, Inc. was and is an Oregon corporation registered to do business in the state of Oregon, engaged in the manufacture, sale, and/or distribution of asbestos-containing products. These products included gaskets.

i) Warren Pumps, LLC, successor in interest to Warren Pumps, Inc., Quimby Pumps Co., and Warren Steam Pumps Co., is a Massachusetts LLC and was engaged in manufacture, distribution, and sales of asbestos-containing machinery.

Page 4 -   COMPLAINT - PERSONAL INJURY

j) Goulds Pumps (IPG), Inc., was and is a Delaware corporation and was engaged in the manufacturing, distribution and sale of asbestos-containing pumps;

k) Metropolitan Life Insurance Company was a New York corporation engaged in the business of providing a variety of insurance products, including life insurance, casualty and liability insurance, and workers' compensation insurance to a variety of customers, including corporations engaged in the manufacture, distribution, and sale of asbestos and asbestos-containing products.

6.

At all material times, which includes not only the period of plaintiff's work exposure, but also includes a period beginning in approximately 1929 and continuing thereafter, the Metropolitan Life Insurance Company, at the request of, and as part of its business service to, one or more of its insurance customers which engaged in asbestos-related business, conducted, either directly through its own employees or indirectly through commissioned studies and medical research, medical investigations, medical studies, and collection of medical and epidemiological data, concerning the disease producing capabilities of asbestos and asbestos-containing materials. Metropolitan Life provided the results of such investigation and studies, either by direct transmittal to companies engaged in asbestos related business or indirectly by dissemination of the information and medical knowledge that they had accumulated throughout asbestos-related industries. This transmittal and dissemination of information went to a variety of industrial companies and individuals, including the Defendants named herein. Medical investigation studies and information developed from the activities of Metropolitan Life Insurance Company, above described, included substantial evidence of the disease producing capability of asbestos and asbestos-related products. After collection and dissemination of the medical information and data, as described above, which collection and dissemination occurred in the 1930s and 1940s, the Metropolitan Life Insurance Company thereafter engaged in a

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

continuous and consistent course of conduct suppressing, minimizing, understating and denying the evidence of disease causing properties of asbestos and asbestos-related material.

7.

Decedent, Raymond Coury, was exposed to airborne asbestos fibers beginning in 1961 by directly working with asbestos-containing materials and by working in the vicinity of other workers utilizing these products. At all material times, Decedent was exposed to airborne asbestos fibers either through utilizing asbestos and asbestos-containing materials in the performance of his work, or by being exposed to airborne asbestos fibers created by persons who used, installed or fabricated asbestos-containing materials.

8.

Some or all of the Defendants' asbestos-containing products and materials released respirable asbestos fibers capable of causing Mesothelioma if inhaled by individuals, including the Decedent.

9.

The asbestos or asbestos-containing products of the Defendant suppliers, manufacturers or distributers were unreasonably dangerous and defective in that:

(a) The Defendants did not provide sufficient warnings and/or instructions of the harm caused by exposure to the Defendants' asbestos-containing products;

(b) The asbestos-containing products of the Defendants were capable of causing Mesothelioma if inhaled by individuals, including the Decedent, in their work places, including those set forth above.

(c) Individual workers, including the Decedent, were not warned to utilize proper respiratory protection to protect them from airborne asbestos fibers within their working environment.

Page 6 - COMPLAINT - PERSONAL INJURY

10.

Defendant 3M's masks were dangerous and defective in that they failed to provide protection from the inhalation of asbestos fibers.

11.

As a result of the Decedent's exposure to the unreasonably dangerous and defective asbestos-containing products manufactured, distributed, sold, installed, applied or fabricated and/or the failure of the 3M dust masks, Decedent contracted Mesothelioma, from which Decedent has suffered pain, discomfort, fear, and interference with his daily activities and enjoyment of life, and has endured mental and emotional pain and suffering, all of which is permanent, all to the Decedent's non-economic damages in amount of $950,000.

12.

As a result of the Decedent's exposure to the unreasonably dangerous and defective asbestos-containing products manufactured, distributed, sold, installed, applied or containing the Defendants' asbestos fiber, the Decedent contracted Mesothelioma, from which he has incurred doctor, hospital and medical expenses and will incur similar medical expenses in the future resulting in economic damages in the amount of $75,000.

**SECOND CLAIM FOR RELIEF**

**(Negligence)**

13.

The Plaintiff re-alleges paragraphs 1 through 11.

14.

Defendants were negligent generally and in one or more of the following particulars:

(a)  The Defendants did not provide sufficient warnings and/or instructions of the harm caused by exposure to the Defendants' asbestos-containing products when the Defendants, prior to the period of the Decedent's exposure to asbestos and

Page 7 -   COMPLAINT - PERSONAL INJURY

1  asbestos-containing products, possessed information concerning the adverse
2  effects and disease-producing capabilities of those products;
3 (b) The Defendants failed to withdraw asbestos-containing products from the market
4  prior to the Decedent's exposure, when the Defendants possessed information
5  concerning the adverse effects and disease-producing capabilities of those
6  products;
7 (c) The Defendants failed to determine the level of airborne asbestos fibers emitted by
8  their products when the products were being used by the end user;
9 (d) The Defendants failed to conduct tests to determine the amount of asbestos to
10  which the Decedent, or similarly situated workers, would be exposed, when
11  engaging in the use of the products; and
12 (e) The Defendants failed to warn individual workers, including the Decedent,
13  regarding the hazards associated with the use of the product.

15.

Defendant 3M was negligent in selling and marketing dust masks which it claimed provided protection from airborne asbestos fibers but failed to protect the Decedent from respirable asbestos fibers; when they knew or should have known that the mask did not provide adequate respiratory protection to individuals exposed to airborne asbestos fibers.

16.

As a result of the Defendants' negligence, the Decedent was exposed to airborne asbestos fibers from asbestos-containing products manufactured, distributed, sold, applied or installed by one or more of the Defendants; or containing the fiber mined and distributed by one or more of the Defendants, which caused him to contract Mesothelioma, from which, he has suffered pain discomfort, fear, and interference with his daily activities and enjoyment of life, and has endured metal and emotional pain and suffering, all of which is permanent, all to the Plaintiff's non-economic damages in amount of $900,000.

Page 8 -   COMPLAINT - PERSONAL INJURY

LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
503 595 1033; 503 224-9430 (facsimile)
MUTNICK@MUTNICKLAW.COM

17.

As a result of the Defendants' negligence, the Decedent was exposed to airborne asbestos fibers from asbestos-containing products manufactured, distributed, sold, applied or installed by one or more of the Defendants; or containing the fiber mined and distributed by one or more of the Defendants, which caused him to contract Mesothelioma, from which he has incurred doctor, hospital and lost wages prior to death of $75,000.

**WHEREFORE**, Plaintiff prays for judgment as follows:

**First Claim for Relief (Strict Liability):**

1. Non-economic damages in the amount of $950,000.

2. Economic damages in the amount of $75,000.

3. Plaintiff's costs and disbursements incurred herein.

4. Any other costs this court deems equitable.

**Second Claim for Relief (Negligence):**

1. Non-economic damages in the amount of $950,000.

2. Economic damages in the amount of $75,000.

3. Plaintiff's costs and disbursements incurred herein.

4. Any other costs this court deems equitable.

Plaintiff demands a jury trial.

**DATED:** February 24, 2016.

LAW OFFICE OF JEFFREY S. MUTNICK

Jeffrey S. Mutnick OSB No. 721784
*Of Attorneys for Plaintiff*
Telephone: 503-595-1033
Email: jmutnick@mutnicklaw.com
*Of Attorneys for Plaintiff*

Page 9 -   COMPLAINT - PERSONAL INJURY

Raymond Coury
Exhibit A

| Approximate Dates | Location | Manufacturers/ Distributors/ Suppliers | Asbestos Containing Product(s) & Equipment |
|---|---|---|---|
| 1961-1980 | Northwest Marine & Iron Works Shipyard, Portland, OR | Buffalo Pumps | Gaskets, packing, friction materials, valves, insulation materials |
| | | Westinghouse | Turbines, generators, insulation materials, gaskets, packing. |
| | | CH Murphy | Insulation materials, refractory materials, friction materials, gaskets, packing, brick |
| | | Foster Wheeler | Boilers, refractory materials, insulation materials, gaskets, packing, brick |
| | | Fraser's Boiler | Insulation materials, refractory materials, friction materials, gaskets, packing, brick |
| | | General Electric | Turbines, generators, insulation materials, gaskets, packing. |
| | | Ingersoll Rand | Gaskets, packing, friction materials, valves, insulation materials |
| | | Mardustrial Sales | Insulation materials, refractory materials, friction materials, gaskets, packing |
| | | Warren Pumps | Gaskets, packing, friction materials, |

|  |  |  | valves, insulation materials |
|---|---|---|---|
|  |  | Goulds Pumps | Gaskets, packing, friction materials, valves, insulation materials |
| 1962-1967 | Albina Engine & Machine Works Shipyard, Portland, OR | Same as above | Same as above |